<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

April 22, 2026

Nafiz Cekirge, Esq.
Brewer Attorneys & Counselors
750 Lexington Ave., 14th Fl.
New York, NY 10022
*Counsel for Plaintiff*

Stephen M. Orlofsky, Esq.
William R. Cruse, Esq.
Michael R. Darbee, Esq.
Blank Rome LLP
300 Carnegie Center, Suite 220
Princeton, NJ 08540
*Counsel for Defendants*

### <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re: *Ozavar v. Louttit et al*, Civ. No. 24-11448 (SDW) (AME)**

Counsel:

Before this Court is Defendants Ayse Hacisalihoglu Louttit ("Hacisalihoglu"), in her individual capacity and in her capacity as the personal representative of the Estate of William Anthony Louttit, and W.A.L. & Associates, Inc's ("Defendants") Motion to Dismiss Count IV of Plaintiff Samil Ozavar's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (D.E. 34.) Jurisdiction is proper pursuant to 28 U.S.C. § 1331. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This Court writes only for the parties and accordingly limits its discussion of the factual and procedural background to those facts pertinent to the instant decision.

Plaintiff alleges that he and Hacisalihoglu's late husband, William A. Louttit ("Louttit"), had an agreement to split the proceeds of any of their ventures, including those conducted through W.A.L., an entity owned by Louttit. (D.E. 1 ("Compl.") ¶ 16.)  Louttit would receive 85% and Plaintiff would receive 15%.  As such, Plaintiff alleges that he is entitled to 15% of the net sales proceeds generated upon a third-party purchase of the company Cibo Vita, (the "Cibo Vita Payout").  (*Id.* ¶ 36.)  On November 11, 2023, Louttit passed away and W.A.L. and its assets, including the Cibo Vita Payout, became part of Louttit's estate.  (*Id.* ¶¶ 31–33.)  According to Plaintiff, Hacisalihoglu refused to pay Plaintiff his share of the Cibo Vita Payout.  (*Id* ¶ 38.)

Plaintiff filed the instant lawsuit on December 24, 2024.  (D.E. 1.) The Complaint asserts claims for: (1) breach of contract; (2) promissory estoppel; (3) unjust enrichment; and (4) tortious interference with contract. Defendant subsequently filed the present Motion to Dismiss to Count IV.  (D.E. 34.)  All briefing was timely completed.

## II.   LEGAL STANDARD

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, federal courts "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff," and determine "whether [the] plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer*, 605 F.3d at 229.  Determining whether a complaint's allegations are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).  "[L]abels and conclusions" or a "formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

Defendants argue that Count IV must be dismissed because Hacisalihoglu cannot tortiously interfere with a contract where she is a contracting party.  To state a claim for tortious interference, a plaintiff must plead: (1) an existing contractual relationship; (2) intentional and malicious interference with that relationship; (3) loss or breach of contract as a result of the interference; and (4) damages resulting from that interference. *DiGiorgio Corp. v. Mendez & Co., Inc.*, 230 F. Supp. 2d 552, 558 (D.N.J. 2002).

Furthermore, under New Jersey law, a party cannot tortiously interfere with his or her own contract. *See DeJoy v. Comcast Cable Commc'ns Inc.*, 941 F. Supp. 468, 477 (D.N.J. 1996) ("The rule of tortious interference was not meant to upset the rules governing the contractual relationship itself. Where a person interferes with the performance of his or her own contract, the liability is

governed by principles of contract law.") (quoting *Printing Mart-Morristown v. Sharp Electronics Corp.*, 563 A.2d 31, 38 (N.J. 1989)); *see also Haghighi v. Horizon Blue Cross Blue Shield of New Jersey*, No. 19-20483, 2020 WL 5105234, at *6 (D.N.J. Aug. 31, 2020) (dismissing tortious interference claim where defendant is a contracting party); *Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510, 2018 WL 2455922, at *5 (D.N.J. May 31, 2018) (same). Here, Plaintiff does not allege that Hacisalihoglu, in her individual capacity, interfered with the purported contract. Rather, Plaintiff pleads that Hacisalihoglu refused to honor the agreement after she became the sole beneficiary of Louttit's estate and personal representative of W.A.L. Therefore, Plaintiff's claim for tortious interference fails because Hacisalihoglu, as personal representative of W.A.L., is a party to the alleged agreement. Accordingly, Count IV is dismissed.

## IV.     CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Count IV of Plaintiff's Complaint is **GRANTED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
        André M. Espinosa, U.S.M.J.

3